

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5824 | **DATE** | 1/8/2001 |
| **CASE TITLE** | U.S. EEOC vs. Crystal Lake Fire & Police Commission | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

EEOC; Application to Show Cause

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The court grants the U.S. Equal Employment Opportunity Commission's application for an order requiring the Crystal Lake Police & Fire Commission to comply with its subpoena.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | JAN 9 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 10 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 JAN -8 PM 7:03 | | |
| slb | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | | | |
|---|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | | |
| Applicant, | ) ) | 00 C 5824 | JAN 9 2001 |
| v. | ) ) | | |
| CITY OF CRYSTAL LAKE FIRE & POLICE COMMISSION, | ) ) ) | Judge George W. Lindberg | |
| Respondent. | ) ) | | |

**MEMORANDUM OPINION AND ORDER**

The U.S. Equal Employment Opportunity Commission (EEOC) has filed an application for an order to show cause why its subpoena should not be enforced against the Crystal Lake Police & Fire Commission (Crystal Lake). This application arises out of Crystal Lake's refusal to produce documents the EEOC subpoenaed unless the EEOC agrees to enter a confidentiality agreement that would provide protection to the documents. The EEOC subpoenaed the documents pursuant to its investigation of the April 7, 1999, charge of Michael Dudley, in which Dudley claimed that Crystal Lake had denied him a position as a firefighter/paramedic after initially placing him on its eligibility list because of a perceived disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12110, et seq. In July 1999, the EEOC directed Crystal Lake to produce various documents, including information about the other individuals on the eligibility list, the tests given to those individuals, and the test results. After Crystal Lake moved to revoke the subpoena, the EEOC modified it and again served Crystal

/0

Lake in June 2000. Crystal Lake continues to object to producing the requested documents unless the EEOC enters a confidentiality agreement.

Crystal Lake claims that the subpoena should not be enforced because the EEOC cannot investigate where it lacks jurisdiction over the charge, citing *Equal Employment Opportunity Commission v. Shell Oil Co.*, 466 U.S. 54, 65, 104 S.Ct. 1621, 1629 (1984). That case, however, held that "the existence of a charge that meets the requirements set forth in § 706(b), 42 U.S.C. S 2000e-5(b), is a jurisdictional prerequisite to judicial enforcement of a subpoena issued by the EEOC." *Id.* Crystal Lake conveniently left out the citation to § 2000e-5(b) when it quoted this paragraph, probably because its objections have nothing at all to do with the requirements of that section, which concern the procedures the EEOC must follow when investigating a charge. Crystal Lake's objections to the EEOC's jurisdiction over this charge concern the merits of Dudley's case. Besides the fact that Crystal Lake misconstrues Dudley's allegations, which involve discrimination based on being regarded as having a disability and not discrimination based on actually having a disability, there is also the problem that arguing the merits of the case is not a defense to a subpoena from the EEOC, which at this point is charged only with investigating the allegations in the charge.[1]

Next, Crystal Lake submits that the EEOC has no jurisdiction over the charge because the Fire & Police Commission does not have the requisite number of employees to be charged with an ADA violation because it only has three commissioners and the ADA defines "employer" as

---

[1] The EEOC also notes that Crystal Lake's argument as to the merits of the case ignore the second basis for the EEOC's investigation, which is whether Crystal Lake has violated the ADA's prohibition against conducting a medical exam of an applicant unless the employer has already made a conditional job offer to the applicant.

an entity with at least 15 employees. It claims that the City of Crystal Lake is the proper party to the action but that Dudley did not file a charge against the City within the 300-day limitations period. The EEOC points to documentation from the case indicating that the City of Crystal Lake has notice of the charge against it. One such document is a Request for Dismissal of Charge of Discrimination, in which the "City of Crystal Lake" is listed as the only respondent and which the City's attorneys filed. In addition, in Dudley's original charge, he listed as respondent the "City of Crystal Lake Police and Fire Commission" but cited "the City" in the body of his charge as a distinct entity from "the Commission." Thus, it appears that the City of Crystal Lake has notice of the charges against it. The EEOC has also indicated that as this action is only in the investigatory stages, it can still ensure that the City will have an opportunity to conciliate on its own behalf. *See Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 127 (7th Cir. 1989).

The second objection Crystal Lake makes to the subpoena is that the private information the subpoena requests should be protected. It expresses concerns that the confidential information it gathers when testing applicants will become public if it is required to submit it to the EEOC. As the EEOC points out, however, some of Crystal Lake's fears, such as its belief that the charging party can obtain confidential information and then use and disclose that information, are unfounded. According to § 83.3 of the EEOC Compliance Manual, anyone requesting disclosure must execute a non-disclosure agreement not to make the information public except in the normal course of a civil action or other Title VII/ADA proceeding. Other limits on the disclosure of the information the EEOC collects during an investigation exist in the EEOC's regulations as well as in the regulations for the Freedom of Information Act. "(U)nless

specifically provided otherwise in the statute, the EEOC may obtain 'relevant' evidence. Congress has made the choice. If it dislikes the result, it of course may revise the statute." *University of Pennsylvania v. EEOC*, 493 U.S. 182, 194, 110 S.Ct. 577, 585 (1990) (rejecting respondent's argument that the EEOC should demonstrate a 'specific reason for disclosure' beyond a showing of relevance). The court has no power to expand the confidentiality provisions beyond the existing limits Congress has set.

Finally, Crystal Lake contends that the EEOC seeks irrelevant information, listing a variety of documents. After reviewing that list as well as the EEOC's explanation in the Determination on Petition to Revoke Subpoena as to why each item is relevant to its investigation, the court is satisfied "that the charge is valid and that the material requested is relevant to the charge." *Shell Oil Co.*, 466 U.S. at 72, n.26, 104 S.Ct. at 1632, n.26 (internal quotes omitted). The information requested is not "too indefinite," nor is there any indication that the EEOC has requested it "for an illegitimate purpose." *Id.*

For all of these reasons, the court finds that the EEOC is entitled to enforcement of its subpoena.

**ORDERED:** The court grants the U.S. Equal Employment Opportunity Commission's application for an order requiring the Crystal Lake Police & Fire Commission to comply with its subpoena.

**ENTER:**

*George W. Lindberg*
George W. Lindberg
United States District Judge

DATED: January 4, 2001